## CHARLESTON.

BUTCHER *et al v.* CHIDESTER *et al.*

Submitted March 16, 1909. Decided December 20, 1910.

1. APPEAL AND ERROR—*Review—Decree in Equity.*

    In an equity suit, involving a consideration of the weight of conflicting evidence, a decree not violative of a plain preponderance of the evidence or of any legal principle will be affirmed on appeal.

2. ATTORNEY AND CLIENT—*Purchase of Tax Title—Validity.*

    A relation of attorney in regard to land may preclude the attorney from securing his client's title by tax sale, but it does not preclude the attorney from buying the tax title when the same has passed from the client to others without bad faith on the part of the attorney.

Appeal from Circuit Court, Lewis County.

Bill by Milton Butcher and others against W. V. Chidester and others. Decree for defendants, and plaintiffs appeal.

*Affirmed.*

*Linn & Byrne* and *Thos. R. Horner,* for appellants.

*W. G. Bennett,* for appellees.

ROBINSON, PRESIDENT:

The bill seeks to annul a tax deed held jointly by Chidester, Gaston, and Brannon. The deed is based on a tax purchase of a tract of land belonging to the heirs of Isaac Butcher, deceased, which purchase was made by Chidester and Gaston. The plaintiffs are two of the Butcher heirs. Brannon obtained a one-third interest in the tax purchase by assignment from Chidester and Gaston. Plaintiffs claim that he was their attorney, charged with the duty to redeem this land. They further claim that he had been attorney for Isaac Butcher in litigation involving the land. They say that Brannon's relation to them, or to the subject matter, precluded him from taking an interest in the land, and that he acquired title by collusion with Chidester and Gaston so that equity will annul their joint title under the tax purchase and deed. A careful and learned chancellor, on the pleadings and a mass of conflicting evidence, has refused the relief asked. What shall we say as to his finding?

There is no plain preponderance of evidence in favor of plaintiffs. So the evidence fails to establish that Brannon was actually attorney for the plaintiffs in relation to this land, or that he was charged, either expressly or impliedly, with any duty to redeem it from tax sale. Nor is it established that Brannon was in collusion with the original tax purchasers for the purpose of procuring title. No case is made against Chidester and Gaston. They were not precluded from originally making a valid tax purchase of the land. The mere fact that they sold an interest to Brannon cannot affect the interests which they retained, even if it should afterwards appear that Brannon was precluded from buying at tax sale. There is nothing in the case so charging Chidester and Gaston that the purchase which they made and partially retained must be overthrown.

It does appear that at one time Brannon was attorney for Isaac Butcher in a suit that indirectly related to this land. He says this relation ceased at Butcher's death. The weight of the evidence does not prove that it continued thereafter. Whether under the circumstances of the case this former relation on the part of Brannon in regard to the land would have precluded him from buying at the tax sale, or holding title directly ac-

quired in such way, we need not decide. He did not buy his former client's land ·at tax sale. Nor does the weight of the evidence prove that he procured others to do so whereby he became a holder. Chidester and Gaston bought, and those having the privilege to redeem, the plaintiffs themselves, did not redeem. They knowingly permitted the time for redemption to expire. The land thus passed into the hands of strangers to any relation that Brannon had ever borne as attorney in regard to it. He bought from such strangers after they were the owners—after those as to whom it is claimed he held a relation of confidence by reason of his former connection with the land had lost all interest by their failure to redeem. He could well assume that the Butcher heirs did not care to redeem. It is shown that the land was so covered with liens that it was supposed to be worth nothing to them. A relation of attorney in regard to a tract of land may preclude the attorney from absolutely securing his client's title, but it does not preclude the attorney from buying the title when the same has passed from the client to others without bad ·faith on the part of the attorney.

Another view of the case: The evidence shows that, though plaintiffs knew of the tax sale and are chargeable with knowledge of a deed in pursuance of it, for a long period of time they had no intention of redeeming or disturbing the deed, and that by their laches a virtual ratification of the sale is imputable to them. Decision against plaintiffs from this standpoint is not unwarranted. Williams v. Maxwell, 45 W. Va. 297.

It does not appear that the decree for defendants is violative of the ·facts or of any legal principle. That decree will be affirmed.                    Affirmed.